IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OFFICE OF THRIFT SUPERVISION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION 4:88-CV-1204 |
| | § | |
| DAVID J. FELT, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR RELIEF FROM ORDER RENEWING JUDGMENT LIEN

TO THE HONORABLE JUDGE HUGHES:

Defendant David J. Felt (Felt) moves this Court for relief from the Court's August 17, 2010 Order Renewing a Judgment Lien in favor of the Office of Thrift Supervision (OTS). The Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq. (FDCPA or the Act) is inapplicable, and the judgment lien is dormant and unenforceable under controlling Texas law. As such, the United States' motion was improperly presented, the resulting order should be vacated, and the Court should declare the judgment against Felt dormant and unenforceable.

### RELEVANT FACTUAL BACKGROUND

1. The OTS filed this action on April 7, 1988.[1]

2. The Court entered judgment against Felt on January 9, 1991 in favor of the OTS "in trust for individuals . . . who purchased reliance Savings Association stock from David J. Felt during December, 1986." *See In re Felt*, 255 F.3d 220, 224 (5th Cir. 2001).

---

[1] The style of this motion adopts the original style of the case as filed in 1988 by the Office of Thrift Supervision and its predecessor the Federal Home Loan Bank Board. The United States of America, the movant in the August 12, 2010 filing, is not the named plaintiff of the underlying action against Felt, nor is the judgment lien the Government seeks to renew in favor of the United States.

3. The OTS filed an abstract of judgment against Felt on December 12, 1997. *See* Exhibit A.

4. On August 12, 2010, the Government filed its motion to extend the judgment, citing the FDCPA as the procedure governing the judgment's enforcement.

5. Neither the OTS nor the Government took any action to enforce the judgment between December 12, 1997 and August 12, 2010.

### ARGUMENT AND AUTHORITIES

6. The Government's Motion incorrectly applies the FDCPA to the 1991 judgment against Felt. The FDCPA "provides the exclusive civil procedures for the United States (1) to recover a judgment on a **debt**; or (2) to obtain, before judgment on a claim for a **debt**, a remedy in connection with such claim." 28 U.S.C. § 3001(a) (emphasis added).

7. Under the Act, a debt is:

> (A) an amount that is **owing to the United States** on account of a direct loan, or loan insured or guaranteed, by the United States; or
>
> (B) an amount that is **owing to the United States** on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or **other source of indebtedness to the United States**, but that is not owing under the terms of a contract originally entered into by only persons other than the United States;
>
> 28 U.S.C. § 3002(3) (emphasis added)

8. A judgment is a "judgment, order, or decree entered **in favor of the United States** in a court and arising from a civil or criminal proceeding regarding a **debt**." 28 U.S.C. § 3002(8) (emphasis added).

9. If the judgment is not owed to the United States, it does not qualify as a debt under the plain language of the FDCPA. The statute is expressly limited and "shall not apply with respect to an amount owing that is not a debt or to a claim for an amount owing that is not a debt." 28 U.S.C. § 3001(c).

10. Here, the Government incorrectly argues that its "action is one to renew a lien entered in favor of the United States." This disregards the specific definition of a debt under the Act and the terms of the judgment here, in favor of the Office of Thrift Supervision *as Trustee*. No amount is owed to the United States.

11. The judgment's ultimate beneficiary is vital, since any judgment that does not inure to the benefit of the United States does not qualify as a debt under the FDCPA. *Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 224-25 (5th Cir. 2007); *Jalapeno Property Mgmt, LLC v. Dukas*, 265 F.3d 506, 509 (6th Cir. 2001); *U.S. v. Bongiorno*, 106 F.3d 1027, 1036-38, 1039-40 (1st Cir. 1997) (holding that the determination of whether an amount is owed to the United States hinges on whether the judgment provides the government with a pecuniary benefit).

12. The Government, recognizing its weakness, argues that "Felt has not paid the remaining court-ordered **restitution**" (emphasis added).[2] The Government's classification of the judgment, while wholly erroneous, does not avoid the fact that the judgment is not owed to the United States, as required for the FDCPA to apply.

13. However, even assuming the Court construes the judgment as an amount owing to the United States, the FDCPA still does not apply.

14. The Act specifically excludes from the definition of "debt" any amounts "owing under the terms of a contract originally entered into by only persons other than the United States."

---

[2] Restitution is listed as one of the laundry list of items qualifying as a debt under the FDCPA.

28 U.S.C. § 3002(3)(B).  The Fifth Circuit's recitation of this case describes a transaction between Felt and individual investors, not the United States. *In re Felt*, 255 F.3d 220 (5th Cir. 2001).  The underlying agreements did not include the United States as a party, and the OTS merely stepped in *as trustee* to reverse the transaction for the benefit of the individual investors.

15.	The statute and supporting case law make clear that the "FDCPA provides procedures for the government 'to recover a judgment on a debt,' suggesting that the proper inquiry is on the source of the judgment." *Sobranes*, 509 F.3d at 224.  The source of the judgment here is not a debt owed to the United States.  Instead, the judgment is in favor of individual investors as administered by the Office of Thrift Supervision, as trustee.  This is insufficient to qualify as a debt under the Act.

16.	Because the FDCPA is inapplicable and no other federal statute governs the treatment of judgment liens or execution on judgments, Texas law applies under Rule 69 of the Federal Rules of Civil Procedure.

17.	Texas law provides that a judgment lien continues for 10 years following the date of recording or indexing the abstract of judgment, except if the judgment becomes dormant during that period the lien ceases to exist.  TEX. PROP. CODE § 52.006(a).  A judgment becomes dormant and unenforceable in Texas if a writ of execution is not issued within 10 years of the judgment, or within 10 years after the issuance of the first writ of execution during the initial 10 year window. TEX. CIV. PRAC. & REM. CODE § 34.001.

18.	It is undisputed that neither the OTS nor the Government requested or obtained a *writ of execution* within 10 years of the 1991 judgment.  The OTS merely filed an *abstract of judgment* in 1997.  This is insufficient to extend the life of the judgment, and it is dormant and unenforceable as a matter of law.

-5-

## CONCLUSION AND PRAYER

Felt moves the Court to vacate its August 17, 2010 order renewing the judgment lien in favor of the Office of Thrift Supervision as Trustee.  Felt also moves the Court to declare the judgment dormant and unenforceable under Texas law.  Felt further requests any other relief to which he is justly entitled.

                                      Respectfully submitted,

                                      By:    /s/ R. Kyle Hawes_____
                                                  R. Kyle Hawes
                                                  Federal Bar No. 23218
                                                  Lead counsel for Defendant
                                                  Kyle.Hawes@chamberlainlaw.com

OF COUNSEL:
Chamberlain, Hrdlicka, White,
Williams & Martin, P.C.
George Connelly
Federal Bar No. 8395
George.Connelly@chamberlainlaw.com
Matthew Z. Hawthorne
Federal Bar No. 890189
Matthew.Hawthorne@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas  77002
Telephone (713) 658-1818
Facsimile (713) 658-2553

-6-

## **CERTIFICATE OF CONFERENCE**

      I certify that my office attempted to confer with the Government about this motion. The Government's counsel did not respond, and I presume they are opposed to this motion and the requested relief.

                                         /s/ R. Kyle Hawes_____
                                         R. Kyle Hawes

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been served on all counsel of record via the electronic filing system/ECF for the Southern District of Texas on September 1, 2010:

                                           /s/ R. Kyle Hawes_____
                                         R. Kyle Hawes