UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Office of Thrift Supervision, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-88-1204 |
| | § | |
| David J. Felt, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Renewability of a Judgment Lien

1.     *Introduction.*

The government moved to renew a judgment lien it has had for nearly twenty years. The judgment is not renewable because it is not a debt as defined by the Fair Debt Collection Practices Act.

2.     *Background.*

On December 31, 1990, this court entered a judgment for about $4.2 million to the Office of Trust Supervision "in trust for individuals . . . who purchased reliance Savings Association stock from David J. Felt." Nearly seven years later, on December 12, 1997, the government filed an abstract of the judgment, but it did not enforce it during the next thirteen years. On August 12, 2010, the government asked to renew the judgment lien under the Fair Debt Collection Practices Act. 28 U.S.C. 3201(c).

3.     *Debt.*

The Act applies only to debts as it defines them. The definition of debt is "an amount that is owing *to the United States* . . . but that is not owing under the terms of a *contract originally entered into by only persons other than the United States.*"  28 U.S.C. §3002(3)(B)  (emphasis added).

4.   *Owed to People.*

The judgment expressly says that it is a recovery for the buyers of stock from Felt through the Office of Trust Supervision as their agent.  Because the beneficiaries of this judgment are these defined people – not the government and not The People – the Act does not appy.

The government says that because the judgment obliges Felt to pay it rather than the investors, it owns the debt.  It says the debt is owed to the United States and thus extendable.  *See FTC v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317 (5th Cir. 2004).

Logic and the statute, however, dictate that it is the nature of the obligation that matters, not the nominal enforcer of the debt.  As when an agent collects debts owed to his principal, when the government acts as a conduit to private people, the debt is owed to them – not the United States.

Likewise, the Act specifies that debts "owing to the United States" are owed to it for its own account – for a "fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States" – not as an agent for others.  28 U.S.C. 3002(3)(B).  Not all obligations that may be exclusively enforced by the national government are debts under the Act.  *United States v. Bongiorno*, 106 F.3d 1027, (1st Cir. 1997) (child support obligation).

In this case, the judgment created a debt owed to the shareholders.  The government was the collector.


5.   *Contract*

This action arose out of a sale of stock between Felt and investors.  Because the United States was not a party to the contract, the money Felt owes for rescinding that sale is not a debt under the Act.

The government says that because it sued Felt for not having obtained approval for the sale and for having made misrepresentations in the offering, the judgment was to enforce a statute – not a contract between Felt and the investors.

The statutes giving the government authority to sue are codifications of the common law on contracting.  More importantly, whatever the statutory grounds for suit may have been, the government sought a recession of the sale – a remedy requiring an agreement – and the judgment awarded recissional damages.  Because the judgment awarded damages arising from

a contract not entered into by the United States, the judgment is not a debt under the Act. 28 U.S.C. 3002(3)(B); *Sobranes Recovery Pool, LLC v. Fed. Deposit Ins. Corp.*, 509 F.3d 216 (5th Cir. 2007).

6.    *Conclusion.*

The judgment against Felt is not owed to the United States, but to individual investors. Moreover, the monies it awarded arose out of a contract between Felt and the investors; the United States was not a party.  On these two grounds, the judgment is not a debt under the Fair Debt Collection Practices Act.  The judgment lien may not be renewed.

Signed on October 24, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge